FILED

NOV 05 2019

US DISTRICT COURT
NEW ALBANY DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
CIVIL ACTION

VICKI BUDD, as Personal
Representative and Administrator of the
Estate of Jerod Scott Draper, and
next friend to the minor child, C.J.D.

PLAINTIFF

4 : 19-cv- 0231 SEB -DML

v.

SHERIFF RODNEY V. SEELYE,
Individually and in his official capacity as
Harrison County Sheriff
Harrison County Sheriff's Department
1445 Gardner Lane NW Suite 100
Corydon, Indiana 47112

DEFENDANTS

and

SHERIFF NICHOLAS SMITH
Individually and in his official capacity as
Harrison County Sheriff
Harrison County Sheriff's Department
1445 Gardner Lane NW Suite 100
Corydon, Indiana 47112

and

UNKNOWN AND UNIDENTIFIED
HARRISON COUNTY SHERIFF'S DEPUTIES
AND CORRECTIONAL STAFF
Harrison County Sheriff's Department
1445 Gardner Lane NW Suite 100
Corydon, Indiana 47112

and

UNIDENTIFIED HARRISON COUNTY
MEDICAL STAFF
Harrison County Sheriff's Department
1445 Gardner Lane NW Suite 100
Corydon, Indiana 47112

1

and

ADVANCED CORRECTIONAL
HEALTHCARE, INC.
3922 West Baring Trace
Peoria, Illinois 61615

and

UNIDENTIFIED EMPLOYEE, PHYSICIAN,
AND MEDICAL STAFF OF ADVANCED
CORRECTIONAL HEALTHCARE, INC.
3922 West Baring Trace
Peoria, Illinois 61615

## COMPLAINT

### INTRODUCTION

1. Plaintiff the Estate of Jerod Scott Draper by its Personal Representative Vicki Budd, and next friend to minor child C.J.D., files this action, through counsel, against Sheriff Rodney V. Seelye and unidentified the Harrison County Sheriff's Department's officers and deputies for excessive use of force, failure to protect, and acting with deliberate indifference to the serious medical needs of Jerod Scott Draper while he was under their care and supervision and for implementing and maintaining a policy of medical care that is objectively unreasonable in serving the needs of detainees of the Harrison County Jail.

### JURISDICTION AND VENUE

2. Plaintiff seeks actual, compensatory, and punitive damages from the Defendants under the Civil Rights Act of 1871, 42 U.S.C § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed by the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks relief under comparable state law claims and Indiana Code § 34-23-1-1.

3. This Court has jurisdiction over this case pursuant to the provisions of 28 U.S.C. § 1331 and § 1343.

4. In addition, this Court has jurisdiction over the state law claims asserted pursuant to 28 U.S.C. §1367(a).

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in this Court as Harrison County, Indiana, is the location of all acts on which Plaintiff's claims are based.

## PARTIES

6. Plaintiff Vicki Budd ("Plaintiff") is the mother of Jerod Scott Draper and Personal Representative and Administrator of the Estate of Jerod Draper, currently filed in the Harrison County Circuit Court under cause number 31C01-1811-EU-115. She also brings this action as next friend of C.J.D., a beneficiary of the Estate of Jerod Scott Draper, and the minor child is a resident of Harrison County, Indiana.

7. Jerod Scott Draper ("Draper"), deceased, was a resident of Harrison County, Indiana.

8. Defendant Rodney V. Seelye ("Seelye"), at all times relevant herein was, the elected Sheriff of Harrison County. He was responsible for the conditions in the Harrison County Jail ("Jail"), for the establishment of policies either formally or by custom or practice, and for the employment, training, supervision, and conduct of the officers and employees of the Sheriff's Department and Jail. Seelye is named both individually and in his official capacity.

9. Defendant Nicholas Smith ("Smith") is the current elected Sheriff of Harrison County. He is responsible for the conditions in the Harrison County Jail ("Jail"), for the establishment of policies either formally or by custom or practice, and for the employment, training, supervision, and conduct of the officers and employees of the

Sheriff's Department and Jail. Smith is named both individually and in his official capacity.

10. The names of sheriff's deputies, medical staff, and correctional staff that were present and responsible for the supervision and care of Draper at the Jail on October 4, 2018, are unknown at this time.

11. Advanced Correctional Healthcare, Inc. ("ACH") is private corporation, incorporated under the laws of the State of Illinois with its principal place of business located in 3922 West Baring Trace, Peoria, Illinois 61615. At all times relevant herein, ACH and the County of Harrison had entered into an *Agreement for the Provision of Inmate Health Services at the Harrison County Jail Facility*. A copy of the Agreement is attached to this Complaint as "Exhibit A."

## FACTUAL ALLEGATIONS

12. Jerod Scott Draper was a 40-year-old father of one child, C.J.D., who was dependent on him for regular, ongoing, and substantial financial contributions.

13. On October 4, 2018, at approximately 4:00 a.m., the Harrison County Police arrested the now deceased Jerod Scott Draper after a vehicle pursuit in Corydon, Indiana. The traffic stop was initiated due to Draper's vehicle having a right tail-light out. In the Deputy Officer Gina Liebert's supplemental report, the officer noted that Draper, while still driving, made a numerous furtive movements, indicative of possible criminal activity.

14. At the time Jerod Draper was taken into custody, sheriff's deputies observed cuts on Jerod Draper's wrists and a large amount of blood coming from the wounds. According to an October 5, 2018, press release by the Harrison County Sheriff's Department

(attached as Exhibit B), Draper informed the deputies that these injuries were self-inflicted and that he was suicidal.

15. After EMS arrived, Draper was transported to the Harrison County Hospital for medical evaluation. According to the press release, Draper was released from the Hospital at approximately 5:35 a.m.

16. After being released from the Hospital, he was transported to the Harrison County Jail. During the booking process, Draper began to display signs of agitation. He was removed of his clothing and placed in a cell under suicide watch.

17. In the press release, sheriff's deputies noted that while in the cell on suicide watch, Draper became increasingly agitated and began "striking the walls of the cell." The press release indicated that this activity persisted until approximately 7:30 a.m. when correctional staff entered the cell and placed Draper in a restraint chair.

18. Draper remained in the restraint chair until 9:30 a.m. whereupon staff entered the cell to remove Draper from the restraints. During this visit, staff indicated that Draper was "trembling and felt warm to the touch." He had a temperature of 99.3 degrees Fahrenheit.

19. Draper's symptoms were communicated to a doctor, who prescribed Librium to counteract possible alcohol withdrawal. Draper had been in custody since 4:00 a.m. The identity of the doctor is unknown at this time; however, it is believed that the unknown doctor was a physician employed by ACH and providing healthcare services at the Harrison County Jail pursuant to the Agreement (Exhibit A) between ACH and the Harrison County Jail.

20. At 11:12 a.m., Draper received lunch; however, shortly after lunch, he began "walking in circles, eventually spinning in circles." Correctional staff entered the cell to inspect the

injuries on his wrists, but no further evaluation regarding his continued agitation was indicated in the press release.

21. Draper continued to spin in circles after correctional staff exited the cell, and Draper fell multiple times, striking fixtures in the cell. Eventually, correctional staff re-entered the cell to place Draper in a restraint chair for a second time. Again, no further medical assessment or evaluation of Draper was conducted.

22. While in the restraint chair, Draper became increasingly agitated, and he began "began banging his head violently against the back of the restraint chair." Correctional staff had placed a helmet and spit-mask on Draper.

23. Correctional staff entered the cell again. Rather than attend to the obvious and serious medical needs of an inmate, correctional staff employed excessive force against Draper. While effectively naked, strapped to a chair by ties and/or handcuffs, and physically restrained by correctional staff, medical staff, and/or Harrison County Sheriff's deputies, correctional staff deployed a taser gun. The deployment of the taser was followed up with several drive stuns while Draper remained restrained in the chair, exhibiting increasing signs of unresponsive delirium.

24. At this point, correctional staff contacted EMS. EMS did not arrive to the jail until 1:27 p.m., nearly six hours after Draper had displayed initial signs of entering a progressively agitated and delirious state.

25. While Draper was being released from restraints – but still physically restrained by correctional staff and threatened with tasers and/or drive stuns– in order to be placed on a gurney and transported via EMS to the hospital, Mr. Draper became unresponsive. EMS began CPR while in route to the Harrison County Hospital Emergency Room. The

preliminary drug screen performed during the second trip to the Hospital indicated the presence of methamphetamine in Mr. Draper's system.

26. At approximately 4:00 p.m., Mr. Draper was airlifted to Norton's Brownsboro Hospital in Louisville, Kentucky. Attending physicians pronounced him dead at 8:01 p.m.

**COUNT 1 – CONSTITUTIONAL VIOLATIONS UNDER 42. U.S.C. § 1983**

*Failure to Provide Medical Care (against the Defendants Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff)*

27. Plaintiff reaffirms and incorporates by reference all allegations in the previous paragraphs of the Complaint.

28. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were acting under color of state law when they undertook the actions described above.

29. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, deprived Draper of his rights under the Fourteenth Amendment of the United States Constitution.

30. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were repeatedly and objectively unreasonable in failing to treat the obvious medical needs of Draper, and repeatedly failed to secure him necessary medical attention.

31. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were objectively unreasonable when they denied Draper medical attention despite their knowledge of Draper's medical needs, ultimately contributing to Draper's injuries and death.

32. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were objectively unreasonable in failing to obtain emergency medical treatment for Draper, contributing to Draper's injuries and death.

33. Defendants' practices constitute an arbitrary use of government power, and evince a total, intentional, and unreasonable disregard for Draper's constitutional rights.

34. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were aware that their actions were substantially likely to result in violation of Draper's constitutional rights.

35. As a result of the foregoing, Draper was deprived of his right to due process secured by the Fourteenth Amendment guaranteed him by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C § 1983.

### *Supervisory Liability, Policy-Maker Liability, Failure to Train*
### *(against Defendant Rodney V. Seelye)*

36. Plaintiff reaffirms and incorporates by reference all allegations in the previous paragraphs of this Complaint.

37. As the Harrison County Sheriff, Defendant Rodney V. Seelye was a final policymaker and decisionmaker for the Harrison County Jail. As such, he had oversight responsibility for ensuring that inmates receive appropriate medical care, the staff (sheriff's deputies, correctional staff, and medical staff) are trained to identify and respond to medical emergencies, and the jail is adequately staffed with medically trained personnel.

38. Upon information and belief, Defendant Seelye acted in supervisory capacity over unidentified sheriff's deputies and jail staff and encourages and/or directly participated in the misconduct undertaken by them, as set forth above.

39. Defendant failed to promulgate, review, and train staff on procedures necessary to provide reasonable medical care to inmates.

40. As a direct and proximate result of the aforementioned conduct, Draper suffered physical harm, emotional distress, mental anguish, and death.

***Municipal Liability (against Defendant Rodney V. Seelye in His Official Capacity)***

41. Defendant Seelye was directly responsible for Draper's injuries as a county official due to his failure (a) to adequately train and supervise the officers, employees, and contractors; (b) to adequately and properly staff the Jail and provide it the resources necessary to serve the needs of persons like Draper; and (c) to inculcate policies, customs, and practices to prevent – or to investigate, discover, and change or abolish the policies, customs, and practice responsible for – the mistreatment he endured.

42. Seelye's specific failures include, but are not limited to:

    a. Failing to train deputies and correctional officers as to the proper methods for dealing with medical emergencies, including how to retrieve medical supplies, and how to properly implement life-saving measures;

    b. Failing to adequately staff the Harrison County Jail with a sufficient number of competent medical professionals;

    c. Failing to adequately provide and stock code carts and other first aid kits for use during medical emergencies at the Jail;

    d. Failing to provide adequate monitoring and medical treatment to inmates at the jail;

    e. Failing to train staff and third-party contractors as to proper methods for establishing and delivering competent medical evaluation and care to inmates of the Jail;

  f. Failing to establish or follow proper protocol for evaluating and monitoring medical disorders, including delirium and drug overdose, of inmates in the jail; and

  g. Failing to establish or follow proper protocol for handling medical emergencies in the Jail.

43. As a result of the foregoing failures, and the other institutional failures identified in this Complaint, the inadequacy of Seelye's policies, customs, practices, and procedures were so likely to result in the violation of constitutional rights that Defendants, by and through their final policy-maker, can reasonably be said to have been objectively unreasonable to the needs of Draper and inmates like him.

### COUNT 2 – CONSTITUTIONAL VIOLATIONS UNDER 42. U.S.C. § 1983

*Use of Excessive Force (against the Defendants Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff)*

44. Plaintiff reaffirms and incorporates herein by refence all allegations contained in each and every paragraph above.

45. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were acting under color of state law when they undertook the actions described above.

46. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, deprived Draper of his rights under the Fourteenth Amendment of the United States Constitution.

47. Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff used unreasonable and excessive force against Draper while he was an inmate at the Harrison County Jail.

48. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were repeatedly and objectively unreasonable in using excessive force against Draper by repeatedly deploying taser guns and stun guns against an already restrained inmate, ultimately contributing to Draper's injuries and death.

49. Defendants' practices constitute an arbitrary use of government power, and evince a total, intentional, and unreasonable disregard for Draper's constitutional rights.

50. Defendants, Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff, were aware that their actions were substantially likely to result in violation of Draper's constitutional rights.

51. As a result of the foregoing, Draper was deprived of his right to due process secured by the Fourteenth Amendment guaranteed him by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C § 1983.

### *Supervisory Liability, Policy-Maker Liability, Failure to Train (against Defendant Rodney V. Seelye)*

52. Plaintiff reaffirms and incorporates by reference all allegations in the previous paragraphs of this Complaint.

53. As the Harrison County Sheriff, Defendant Rodney V. Seelye was a final policymaker and decisionmaker for the Harrison County Jail. As such, he had oversight responsibility for ensuring that inmates were not subjected to excessive use of force, the staff (sheriff's deputies, correctional staff, and medical staff) are trained in the appropriate use of excessive force and respond or intervene in the unreasonable and/or unlawful use of excessive force.

54. Upon information and belief, Defendant Seelye acted in supervisory capacity over unidentified sheriff's deputies and jail staff and encourages and/or directly participated in the misconduct undertaken by them, as set forth above.

55. Defendant failed to promulgate, review, and train staff on procedures necessary to prevent the use of excessive force against inmates of the Harrison County Jail.

56. As a direct and proximate result of the aforementioned conduct, Draper suffered physical harm, emotional distress, mental anguish, and death.

***Municipal Liability (against Defendant Rodney V. Seelye in His Official Capacity)***

57. Defendant Seelye was directly responsible for Draper's injuries as a county official due to his failure (a) to adequately train and supervise the officers, employees, and contractors; (b) to adequately and properly staff the Jail and provide it with the resources necessary to protect persons like Draper from use of excessive force; and (c) to inculcate policies, customs, and practices to prevent – or to investigate, discover, and change or abolish the policies, customs, and practice responsible for – the mistreatment he endured.

58. Seelye's specific failures include, but are not limited to:

    h. Failing to train deputies and correctional officers as to the proper methods for use of taser guns/stun guns and use of excessive force against inmates;

    i. Failing to adequately staff the Harrison County Jail with a sufficient number of competent staff to prevent use of unreasonable excessive force against inmates;

    j. Failing to provide adequate monitoring at the jail;

    k. Failing to train staff and third-party contractors as to proper methods for use of taser guns/stun guns and use of excessive force against inmates; and

    l. Failing to establish or follow proper protocol for evaluating and monitoring restrained inmates in the jail and protocol for appropriate intervention by staff when excessive force is used unreasonably;

59. As a result of the foregoing failures, and the other institutional failures identified in this Complaint, the inadequacy of Seelye's policies, customs, practices, and procedures were so likely to result in the violation of constitutional rights that Defendants, by and through their final policy-maker, can reasonably be said to have been objectively unreasonable to the needs of Draper and inmates like him.

## COUNT 3 – WRONGFUL DEATH UNDER I.C. § 34-23-1-1

60. Plaintiff reaffirms and incorporates herein by reference all allegations contained in each and every paragraph above.

61. Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff negligently failed to provide adequate medical care to Draper while he was an inmate at the Harrison County Jail. In addition, the medical staff negligently failed to adequately diagnose his deteriorating condition.

62. Furthermore, Defendants' failures were exacerbated by their affirmative use of taser and stun guns against an inmate in need of serious medical care.

63. The Defendants negligence caused the death of Draper.

64. The surviving child of Draper is entitled to damages for the losses sustained due to the Defendant's negligent actions and omissions.

65. The Estate seeks recovery from the Defendants for the reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful acts of the Defendants, and all other actual or consequential damages allowed by Indiana law.

## **Damages**

66. Plaintiff reaffirms and incorporates herein by reference all allegations contained in all paragraphs above.

67. Defendant's actions, collectively and individually, directly and proximately caused Draper to be damaged in an amount exceeding the jurisdictional limits of this Court.

68. As set forth above, Draper was unjustifiably and unconstitutionally treated in a manner that ultimately led to his death and caused him tremendous and overwhelming mental and emotional distress. As a result, Plaintiff is entitled to recover actual and compensatory damages.

69. Furthermore, Defendants' violations of the constitutional, state, and common law rights of Draper evinced a total and reckless disregard for and indifference to those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

WHEREFORE, Plaintiff requests:

A. a trial by jury;

B. permanent injunctive relief to correct the unlawful and unconstitutional policies, practices, and procedures discussed in this Complaint;

C. an award of actual, compensatory, and punitive damages to Plaintiff;

D. as award of Plaintiff's costs and attorney fees and all other relief to which she is entitled under law or equity; and

E. any and all other relief to which she may be entitled to under the law.

Respectfully Submitted,

/s/ Larry O. Wilder
Larry O. Wilder #11443-10
Counsel for the Plaintiff
530 East Court Avenue
Jeffersonville, Indiana 47130
T: (812) 288-6820 C: (502) 930-4152
EM: larrywilder@me.com
FAX: 812.282.3188

/s/ Zachary F. Stewart
Zachary F. Stewart, #35379-39
530 East Court Ave.
Jeffersonville, Indiana 47130
T: 502-548-9890
FAX: 812-282-3188
EM: zach@zacharyfstewartlaw.com

15