UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
CIVIL ACTION

| | | |
|---|---|---|
| VICKI BUDD, as Personal Representative and Administrator of the Estate of Jerod Scott Draper, and next friend to the minor child, C.J.D., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.:  4:19-cv-00231-SEB-DML |
| v. | ) ) | |
| SHERIFF RODNEY V. SEELYE, Individually and in his official capacity as Harrison County Sheriff Harrison County Sheriff's Department 1445 Gardner Lane NW Suite 100 Corydon, Indiana 47112, | ) ) ) ) ) ) ) | |
| and | ) ) | |
| SHERIFF NICHOLAS SMITH Individually and in his official capacity as Harrison County Sheriff Harrison County Sheriff's Department 1445 Gardner Lane NW Suite 100 Corydon, Indiana 47112 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| CAPTAIN DUSTIN CUNDALL, Harrison County Sheriff's Department 1445 Gardner Lane NW Suite 100 Corydon, Indiana 47112, | ) ) ) ) ) | |
| and | ) ) | |
| SERGEANT MATT HULSEY, Harrison County Sheriff's Department 1445 Gardner Lane NW Suite 100 Corydon, Indiana 47112, | ) ) ) ) ) | |
| And | ) | |

LIEUTENANT BRENDEN SATORI,           )
Harrison County Sheriff's Department  )
1445 Gardner Lane NW Suite 100        )
Corydon, Indiana 47112,               )
                                      )
and                                   )
                                      )
MICHAEL GREGORY,                      )
Harrison County Sheriff's Department  )
1445 Gardner Lane NW Suite 100        )
Corydon, Indiana 47112,               )
                                      )
and                                   )
                                      )
ADVANCED CORRECTIONAL,                )
HEALTHCARE, INC.                      )
3922 West Baring Trace                )
Peoria, Illinois 61615,               )
                                      )
and                                   )
                                      )
ROY WASHINGTON,                       )
3922 West Baring Trace                )
Peoria, Illinois 61615,               )
                                      )
                  Defendants.         )

## AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff the Estate of Jerod Scott Draper by its Personal Representative Vicki Budd, and

   next friend to minor child C.J.D., files this action, through counsel, against Sheriff

   Rodney V. Seelye and unidentified the Harrison County Sheriff's Department's officers

   and deputies for excessive use of force, failure to protect, and acting with deliberate

   indifference to the serious medical needs of Jerod Scott Draper while he was under their

   care and supervision and for implementing and maintaining a policy of medical care that

   is objectively unreasonable in serving the needs of detainees of the Harrison County Jail.

## JURISDICTION AND VENUE

2. Plaintiff seeks actual, compensatory, and punitive damages from the Defendants under the Civil Rights Act of 1871, 42 U.S.C § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed by the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks relief under comparable state law claims and Indiana Code § 34-23-1-1.

3. This Court has jurisdiction over this case pursuant to the provisions of 28 U.S.C. § 1331 and § 1343.

4. In addition, this Court has jurisdiction over the state law claims asserted pursuant to 28 U.S.C. §1367(a).

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in this Court as Harrison County, Indiana, is the location of all acts on which Plaintiff's claims are based.

## PARTIES

6. Plaintiff Vicki Budd ("Plaintiff") is the mother of Jerod Scott Draper and Personal Representative and Administrator of the Estate of Jerod Draper, currently filed in the Harrison County Circuit Court under cause number 31C01-1811-EU-115. She also brings this action as next friend of C.J.D., a beneficiary of the Estate of Jerod Scott Draper, and the minor child is a resident of Harrison County, Indiana.

7. Jerod Scott Draper ("Draper"), deceased, was a resident of Harrison County, Indiana.

8. Defendant Rodney V. Seelye ("Seelye"), at all times relevant herein, was the elected Sheriff of Harrison County. He was responsible for the conditions in the Harrison County Jail ("Jail"), for the establishment of policies either formally or by custom or practice,

3

and for the employment, training, supervision, and conduct of the officers and employees of the Sheriff's Department and Jail. Seelye is named both individually and in his official capacity.

9. Defendant Nicholas Smith ("Smith") is the current elected Sheriff of Harrison County. He is responsible for the conditions in the Harrison County Jail ("Jail"), for the establishment of policies either formally or by custom or practice, and for the employment, training, supervision, and conduct of the officers and employees of the Sheriff's Department and Jail. Smith is named both individually and in his official capacity.

10. Sergeant Matt Hulsey is an employee of the Harrison County Sheriff's Department, and was responsible for the supervision and care of Draper at the Jail on October 4, 2018.

11. Lieutenant Brenden Satori is an employee of the Harrison County Sheriff's Department, and was responsible for the supervision and care of Draper at the Jail on October 4, 2018.

12. Captain Dustin Cundall is an employee of the Harrison County Sheriff's Department, and was responsible for the supervision and care of Draper at the Jail on October 4, 2018. At that time, he was the Harrison County Jail Commander.

13. Michael Gregory is a registered nurse, employed by the Harrison County Jail facility, and was responsible for the supervision and care of Draper at the Jail on October 4, 2018.

14. Roy Washington is a registered nurse and employee of Advanced Correctional Healthcare, and he was on-call on October 4, 2018, for the Harrison County Jail Facility.

15. Advanced Correctional Healthcare, Inc. ("ACH") is a private corporation, incorporated under the laws of the State of Illinois with its principal place of business located in 3922 West Baring Trace, Peoria, Illinois 61615. At all times relevant herein, ACH and the

County of Harrison had entered into an *Agreement for the Provision of Inmate Health Services at the Harrison County Jail Facility*. A copy of the Agreement is attached to this Complaint as "Exhibit A."

## FACTUAL ALLEGATIONS

16. Jerod Scott Draper was a 40-year-old father of one child, C.J.D., who was dependent on him for regular, ongoing, and substantial financial contributions.

17. On October 4, 2018, at approximately 4:00 a.m., the Harrison County Police arrested the now deceased Jerod Scott Draper after a vehicle pursuit in Corydon, Indiana. The traffic stop was initiated due to Draper's vehicle having a right tail-light out. In the Deputy Officer Gina Liebert's supplemental report, the officer noted that Draper, while still driving, made numerous furtive movements, indicative of possible criminal activity.

18. At the time Jerod Draper was taken into custody, sheriff's deputies observed cuts on Jerod Draper's wrists and a large amount of blood coming from the wounds. According to an October 5, 2018, press release by the Harrison County Sheriff's Department (attached as Exhibit B), Draper informed the deputies that these injuries were self-inflicted and that he was suicidal.

19. After EMS arrived, Draper was transported to the Harrison County Hospital for medical evaluation. According to the press release, Draper was released from the Hospital at approximately 5:35 a.m.

20. After being released from the Hospital, he was transported to the Harrison County Jail. During the booking process, Draper began to display signs of agitation. He was removed of his clothing and placed in a cell under suicide watch.

21. In the press release, sheriff's deputies noted that while in the cell on suicide watch, Draper became increasingly agitated and began "striking the walls of the cell." The press release indicated that this activity persisted until approximately 7:30 a.m. when correctional staff entered the cell and placed Draper in a restraint chair.

22. Draper remained in the restraint chair until 9:30 a.m. whereupon staff entered the cell to remove Draper from the restraints. During this visit, staff indicated that Draper was "trembling and felt warm to the touch." He had a temperature of 99.3 degrees Fahrenheit.

23. Draper's symptoms were communicated to Roy Washington, an on-call nurse practitioner employed by ACH. Roy Washington prescribed Librium to counteract possible alcohol withdrawal. Draper had been in custody since 4:00 a.m. Pursuant to the Agreement (Exhibit A) between ACH and the Harrison County Jail, a "Physician shall serve as the facility's on Site Medical Director and be available by telephone to facility and medical staff on an on-call basis, seven (7) days per week, twenty-four (24) hours per day." As a nurse practitioner, Roy Washington does not qualify as a physician, and no information was communicated to a physician per the established policy. Draper's subsequent death has a direct causal connection to Harrison County Officers' failure to follow the established policy, and ACH's failure to train correctional officers and its own employees on the policy.

24. At 11:12 a.m., Draper received lunch; however, shortly after lunch, he began "walking in circles, eventually spinning in circles." He fell multiple times and was walking into the walls of the cell. Correctional staff entered the cell to inspect the injuries on his wrists, but no further evaluation regarding his continued agitation was indicated in the press release.

25. Draper continued to spin in circles after correctional staff exited the cell, and Draper fell multiple times, striking fixtures in the cell. Eventually, at 12:05 p.m., correctional staff re-entered the cell to place Draper in a restraint chair for a second time. Captain Dustin Cundall, Lieutenant Brenden Satori, and Sergeant Matt Hulsey noted that Draper was acting and moving erratically and sweating profusely. Again, no further medical assessment or evaluation of Draper was conducted. However, Captain Cundall noted that the entry into the cell was to prevent Draper's dissociative behavior.

26. While in the restraint chair and strapped down, Draper became increasingly agitated, and he "began banging his head violently against the back of the restraint chair." Correctional staff had placed a helmet and spit-mask on Draper.

27. Michael Gregory, an RN and county employee, entered the cell to hold Draper's head against the back of the restraint chair. Lieutenant Satori and Sergeant Hulsey entered the cell and applied multiple pressure points to Draper, including under his nose, into his clavicle notch, and into his right thigh. At 12:47 p.m., Sergeant Hulsey deployed the first drive stun to Draper. Sergeant Hulsey followed up with a second drive stun, which resulted in Draper screaming, "No! Stop! Stop! Stop!" Next, a third drive stun was deployed by Hulsey. During each of these stuns, Draper was in the restraint chair, strapped down, and held via pressure points by Michael Gregory and Lieutenant Satori.

28. Following the first three drive stun, Michael Gregory deployed his taser gun to Draper's right lower thigh cross connected with his left thigh. During this time frame, Draper began to spit blood through the spit mask. He was still physically restrained by the restraint chair and officers.

29. At 12:54 p.m. after removing the taser probes, Michael Gregory began cleaning the wounds while Officer Jonathan Moser photographed the wounds. At 12:55 p.m., Sergeant Hulsey delivered a fourth drive stun to Draper's right shoulder. Officers left the cell and re-entered at 12:59 p.m. At 1:01 p.m., Sergeant Hulsey delivered two more drive stuns in succession to Draper's left shoulder.

30. From 12:47 p.m. until 1:01 p.m., Correctional staff entered the cell and exited multiple times. They had already noted his dissociative behavior, profuse sweating, blood coming from his mouth, and his inability to comply with demands. Rather than attend to the obvious and serious medical needs of an inmate, correctional staff employed excessive force against Draper. While effectively naked, strapped to a chair by ties and/or handcuffs, and physically restrained by correctional staff, medical staff, and/or Harrison County Sheriff's deputies, correctional staff deployed a taser gun and drive stuns seven different times. Despite exhibiting increasing signs of unresponsive delirium, Draper was subjected to brutal mistreatment, which only resulted in screaming for Officers to stop.

31. At this point, correctional staff contacted EMS. EMS did not arrive to the jail until 1:27 p.m., nearly six hours after Draper had displayed initial signs of entering a progressively agitated and delirious state.

32. While Draper was being released from restraints – but still physically restrained by correctional staff and threatened with tasers and/or drive stuns– in order to be placed on a gurney and transported via EMS to the hospital, Mr. Draper became unresponsive. EMS began CPR while in route to the Harrison County Hospital Emergency Room. The preliminary drug screen performed during the second trip to the Hospital indicated the presence of methamphetamine in Mr. Draper's system.

33. At approximately 4:00 p.m., Mr. Draper was airlifted to Norton's Brownsboro Hospital in Louisville, Kentucky. Attending physicians pronounced him dead at 8:01 p.m.

## **COUNT 1 – CONSTITUTIONAL VIOLATIONS UNDER 42. U.S.C. § 1983**

### *Failure to Provide Medical Care (against the Defendants Michael Gregory, Sergeant Matt Hulsey, Captain Dustin Cundall, and Roy Washington)*

34. Plaintiff reaffirms and incorporates by reference all allegations in the previous paragraphs of the Complaint.

35. Defendants, Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, Captain Dustin Cundall, and Roy Washington were acting under color of state law when they undertook the actions described above.

36. Defendants, Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, Captain Dustin Cundall, and Roy Washington, deprived Draper of his rights under the Fourteenth Amendment of the United States Constitution.

37.  Defendants, Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, Captain Dustin Cundall, and Roy Washington, were repeatedly and objectively unreasonable in failing to treat the obvious medical needs of Draper, repeatedly failed to secure him necessary medical attention, and failed to follow proper policies under the Agreement between ACH and Harrison Count Jail Facility for treating an inmate with serious medical needs.

38. Defendants, Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, Captain Dustin Cundall, and Roy Washington, were objectively unreasonable when they denied Draper medical attention despite their knowledge of Draper's medical needs, ultimately contributing to Draper's injuries and death.

39. Defendants, Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, Captain Dustin Cundall, and Roy Washington, were objectively unreasonable in failing to obtain emergency medical treatment for Draper and failing to communicate Draper's symptoms to a physician, contributing to Draper's injuries and death.

40. Defendants' practices constitute an arbitrary use of government power, and evince a total, intentional, and unreasonable disregard for Draper's constitutional rights.

41. Defendants, Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, Captain Dustin Cundall, and Roy Washington, were aware that their actions were substantially likely to result in violation of Draper's constitutional rights.

42. As a result of the foregoing, Draper was deprived of his right to due process secured by the Fourteenth Amendment guaranteed him by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C § 1983.

### Supervisory Liability, Policy-Maker Liability, Failure to Train
### (against Defendant Rodney V. Seelye)

43. Plaintiff reaffirms and incorporates by reference all allegations in the previous paragraphs of this Complaint.

44. As the Harrison County Sheriff, Defendant Rodney V. Seelye was a final policymaker and decisionmaker for the Harrison County Jail. As such, he had oversight responsibility for ensuring that inmates receive appropriate medical care, the staff (sheriff's deputies, correctional staff, and medical staff) are trained to identify and respond to medical emergencies, and the jail is adequately staffed with medically trained personnel.

45. Upon information and belief, Defendant Seelye acted in supervisory capacity over Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, and Captain Dustin

Cundall, and encouraged and/or directly participated in the misconduct undertaken by them, as set forth above.

46. Defendant failed to promulgate, review, and train Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, and Captain Dustin Cundall on procedures necessary to provide reasonable medical care to inmates.

47. As a direct and proximate result of the aforementioned conduct, Draper suffered physical harm, emotional distress, mental anguish, and death.

**Municipal Liability (against Defendant Rodney V. Seelye in His Official Capacity)**

48. Defendant Seelye was directly responsible for Draper's injuries as a county official due to his failure (a) to adequately train and supervise the officers, employees, and contractors; (b) to adequately and properly staff the Jail and provide it the resources necessary to serve the needs of persons like Draper; and (c) to inculcate policies, customs, and practices to prevent – or to investigate, discover, and change or abolish the policies, customs, and practice responsible for – the mistreatment he endured.

49. Seelye's specific failures include, but are not limited to:

   a. Failing to train deputies and correctional officers, including Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, and Captain Dustin Cundall, as to the proper methods for dealing with medical emergencies, including how to retrieve medical supplies, and how to properly implement life-saving measures;

   b. Failing to adequately staff the Harrison County Jail with a sufficient number of competent medical professionals;

   c. Failing to adequately provide and stock code carts and other first aid kits for use during medical emergencies at the Jail;

    d.   Failing to provide adequate monitoring and medical treatment to inmates at the jail;

    e.   Failing to train staff and third-party contractors as to proper methods for establishing and delivering competent medical evaluation and care to inmates of the Jail;

    f.   Failing to establish or follow proper protocol for evaluating and monitoring medical disorders, including delirium and drug overdose, of inmates in the jail; and

    g.   Failing to establish or follow proper protocol for handling medical emergencies in the Jail.

50. As a result of the foregoing failures, and the other institutional failures identified in this Complaint, the inadequacy of Seelye's policies, customs, practices, and procedures were so likely to result in the violation of constitutional rights that Defendants, by and through their final policy-maker, can reasonably be said to have been objectively unreasonable to the needs of Draper and inmates like him.

### *Monell Liability, Policy-Maker Liability, Failure to Train*
### *(against Defendant Advanced Correctional Healthcare, Inc.)*

51. Plaintiff reaffirms and incorporates herein by refence all allegations contained in each and every paragraph above.

52. Defendant Advanced Correctional Healthcare, Inc., as state actor under color of state law and pursuant to the Agreement ("Exhibit A") with the Harrison County Jail Facility, was directly responsible for Draper's injuries due to the failure (a) to adequately train and supervise the Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, and Captain Dustin Cundall,; (b) to adequately and properly staff the Jail and provide it the resources necessary to serve the needs of persons like Draper; and (c) to inculcate policies, customs, and practices to prevent – or to investigate, discover, and change or abolish the policies, customs, and practice responsible for – the mistreatment he endured.

53. ACH's specific failures include, but are not limited to:

a. Failing to train deputies and correctional officers, including Michael Gregory, Sergeant Matt Hulsey, Lieutenant Brenden Satori, and Captain Dustin Cundall, as to the proper methods for dealing with medical emergencies, including how to diagnose symptoms, how to communicate symptoms, who to communicate symptoms to, for retrieving medical supplies, and how to properly implement life-saving measures;

b. Failing to train its own employee Roy Washington as to the proper methods for dealing with medical emergencies, including but not limited to consulting the on-site physician regarding serious medical emergencies;

c. Failing to adequately staff the Harrison County Jail with a sufficient number of competent medical professionals, including failing keep a physician on-call seven (7) days a week twenty-four (24) hours per day to respond to serious medical needs of an inmate;

d. Failing to adequately provide and stock code carts and other first aid kits for use during medical emergencies at the Jail;

e. Failing to provide adequate monitoring and medical treatment to inmates at the jail;

f. Failing to train staff and third-party contractors as to proper methods for establishing and delivering competent medical evaluation and care to inmates of the Jail;

g. Failing to establish or follow proper protocol for evaluating and monitoring medical disorders, including delirium and drug overdose, of inmates in the jail; and

h. Failing to establish or follow proper protocol for handling medical emergencies in the Jail.

54. As a result of the foregoing failures, and the other institutional failures identified in this Complaint, the inadequacy of ACH's policies, customs, practices, and procedures were so likely to result in the violation of constitutional rights that Defendants, by and through their final policy-maker, can reasonably be said to have been objectively unreasonable to the needs of Draper and inmates like him.

55. In the alternative, the inadequacy of ACH's policies, customs, practices, and procedures, namely their failure to train correctional staff and their own employee, caused Draper's constitutional deprivation and constitutional deprivations of similarly situated inmates of the Harrison County Jail.

### COUNT 2 – CONSTITUTIONAL VIOLATIONS UNDER 42. U.S.C. § 1983

*Use of Excessive Force (against the Defendants Michael Gregory and Matt Hulsey)*

56. Plaintiff reaffirms and incorporates herein by refence all allegations contained in each and every paragraph above.

57. Defendants, Michael Gregory, Lieutenant Brenden Satori,  and Sergeant Matt Hulsey, were acting under color of state law when they undertook the actions described above.

58. Defendants, Michael Gregory, Lieutenant Brenden Satori,  and Sergeant Matt Hulsey, deprived Draper of his rights under the Fourteenth Amendment of the United States Constitution.

59. Michael Gregory, Lieutenant Brenden Satori,  and Sergeant Matt Hulsey, used unreasonable and excessive force against Draper while he was an inmate at the Harrison County Jail.

60. Defendants, Michael Gregory, Lieutenant Brenden Satori,  and Sergeant Matt Hulsey, were repeatedly and objectively unreasonable in using excessive force against Draper by

repeatedly deploying taser guns and stun guns against an already restrained inmate,

ultimately contributing to Draper's injuries and death.

61. Defendants' practices constitute an arbitrary use of government power, and evince a total,

intentional, and unreasonable disregard for Draper's constitutional rights.

62. Defendants, Michael Gregory, Lieutenant Brenden Satori,  and Sergeant Matt Hulsey,

were aware that their actions were substantially likely to result in violation of Draper's

constitutional rights.

63. As a result of the foregoing, Draper was deprived of his right to due process secured by

the Fourteenth Amendment guaranteed him by the Constitution of the United States in

violation of the Civil Rights Act of 1871, 42 U.S.C § 1983.

### *Supervisory Liability, Policy-Maker Liability, Failure to Train*
### *(against Defendant Rodney V. Seelye)*

64. Plaintiff reaffirms and incorporates by reference all allegations in the previous paragraphs

of this Complaint.

65. As the Harrison County Sheriff, Defendant Rodney V. Seelye was a final policymaker

and decisionmaker for the Harrison County Jail. As such, he had oversight responsibility

for ensuring that inmates were not subjected to excessive use of force, the staff, including

Michael Gregory, Lieutenant Brenden Satori, and Sergeant Matt Hulsey, are trained in

the appropriate use of force and respond or intervene in the unreasonable and/or unlawful

use of excessive force.

66. Upon information and belief, Defendant Seelye acted in supervisory capacity over

Michael Gregory, Lieutenant Brenden Satori, and Sergeant Matt Hulsey, and encouraged

and/or directly participated in the misconduct undertaken by them, as set forth above.

67. Defendant failed to promulgate, review, and train staff, including Michael Gregory, Lieutenant Brenden Satori, and Sergeant Matt Hulsey, on procedures necessary to prevent the use of excessive force against inmates of the Harrison County Jail.

68. As a direct and proximate result of the aforementioned conduct, Draper suffered physical harm, emotional distress, mental anguish, and death.

**Municipal Liability (against Defendant Rodney V. Seelye in His Official Capacity)**

69. Defendant Seelye was directly responsible for Draper's injuries as a county official due to his failure (a) to adequately train and supervise the officers, employees, and contractors; (b) to adequately and properly staff the Jail and provide it with the resources necessary to protect persons like Draper from use of excessive force; and (c) to inculcate policies, customs, and practices to prevent – or to investigate, discover, and change or abolish the policies, customs, and practice responsible for – the mistreatment he endured.

70. Seelye's specific failures include, but are not limited to:

i. Failing to train deputies and correctional officers, including Michael Gregory, Lieutenant Brenden Satori, and Sergeant Matt Hulsey, as to the proper methods for use of taser guns/stun guns and use of excessive force against inmates;

j. Failing to adequately staff the Harrison County Jail with a sufficient number of competent staff to prevent use of unreasonable excessive force against inmates;

k. Failing to provide adequate monitoring at the jail;

l. Failing to train staff and third-party contractors, including Michael Gregory, Lieutenant Brenden Satori,  and Sergeant Matt Hulsey, as to proper methods for use of taser guns/stun guns and use of excessive force against inmates; and

m.  Failing to establish or follow proper protocol for evaluating and monitoring restrained inmates in the jail and protocol for appropriate intervention by staff when excessive force is used unreasonably;

71. As a result of the foregoing failures, and the other institutional failures identified in this Complaint, the inadequacy of Seelye's policies, customs, practices, and procedures were so likely to result in the violation of constitutional rights that Defendants, by and through their final policy-maker, can reasonably be said to have been objectively unreasonable to the needs of Draper and inmates like him.

## COUNT 3 – WRONGFUL DEATH UNDER I.C. § 34-23-1-1

72. Plaintiff reaffirms and incorporates herein by reference all allegations contained in each and every paragraph above.

73. Michael Gregory, Sergeant Matt Hulsey, Captain Dustin Cundall, Lieutenant Brenden Satori, and Roy Washington negligently failed to provide adequate medical care to Draper while he was an inmate at the Harrison County Jail. In addition, the medical staff negligently failed to adequately diagnose his deteriorating condition.

74. Furthermore, Defendants' failures were exacerbated by their affirmative use of taser and stun guns against an inmate in need of serious medical care.

75. In addition, Roy Washington breached the standard of care by prescribing Librium to Draper and failing to notify the on-site/on-call physician regarding Draper's symptoms pursuant to the Agreement between ACH and Harrison County Jail.

76. The Defendants negligence caused the death of Draper.

77. The surviving child of Draper is entitled to damages for the losses sustained due to the Defendant's negligent actions and omissions.

78. The Estate seeks recovery from the Defendants for the reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful acts of the Defendants, and all other actual or consequential damages allowed by Indiana law.

## Damages

79. Plaintiff reaffirms and incorporates herein by reference all allegations contained in all paragraphs above.

80. Defendant's actions, collectively and individually, directly and proximately caused Draper to be damaged in an amount exceeding the jurisdictional limits of this Court.

81. As set forth above, Draper was unjustifiably and unconstitutionally treated in a manner that ultimately led to his death and caused him tremendous and overwhelming mental and emotional distress. As a result, Plaintiff is entitled to recover actual and compensatory damages.

82. Furthermore, Defendants' violations of the constitutional, state, and common law rights of Draper evinced a total and reckless disregard for and indifference to those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

WHEREFORE, Plaintiff requests:

A. a trial by jury;

B. permanent injunctive relief to correct the unlawful and unconstitutional policies, practices, and procedures discussed in this Complaint;

C. an award of actual, compensatory, and punitive damages to Plaintiff;

D. as award of Plaintiff's costs and attorney fees and all other relief to which she is entitled under law or equity; and

E.  any and all other relief to which she may be entitled to under the law.

Respectfully Submitted,


/s/ Larry O. Wilder
Larry O. Wilder #11443-10
Counsel for the Plaintiff
530 East Court Avenue
Jeffersonville, Indiana 47130
T: (812) 288-6820 C: (502) 930-4152
EM: larrywilder@me.com
FAX: 812.282.3188


/s/ Zachary F. Stewart
Zachary F. Stewart, #35379-39
530 East Court Ave.
Jeffersonville, Indiana 47130
T: 502-548-9890
FAX: 812-282-3188
EM: zach@zacharyfstewartlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 5th day of March, 2020, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Larry O. Wilder
530 East Court Avenue
Jeffersonville, Indiana 47130
larrywilder@me.com
*Counsel for the Plaintiff –*
*Vicki Budd Personal Representative for the Estate of Jerod Draper*

Zachary F. Stewart
530 East Court Avenue
Jeffersonville, Indiana 47130
zach@zacharyfstewartlaw.com
*Counsel for the Plaintiff –*
*Vicki Budd Personal Representative for the Estate of Jerod Draper*

Marc Sedwick
SedwickLaw, P.C.
229 West Spring Street
New Albany, Indiana 47150
msedwick@sedwicklaw.com
*Counsel for the Plaintiff –*
*Vicki Budd Personal Representative for the Estate of Jerod Draper*

R. Jeffrey Lowe

Kightlinger & Gray, LLP
Bonterra Building
3620 Blackiston Boulevard, Suite 200
New Albany, IN 47150
jlowe@k-glaw.com
*Counsel for the Defendants –*
*Rodney Seelye, Individually and in his capacity as Harrison County Sheriff, and Nicholas Smith,*
*Individually and in his capacity as the Harrison County Sheriff*

Corey J. Dunn
Kightlinger & Gray, LLP
Bonterra Building
3620 Blackiston Boulevard, Suite 200
New Albany, IN 47150
cdunn@k-glaw.com
*Counsel for the Defendants –*
*Rodney Seelye, Individually and in his capacity as Harrison County Sheriff, and Nicholas Smith,*
*Individually and in his capacity as the Harrison County Sheriff*

Carol A. Dillon
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Blvd., Ste. 420
Indianapolis, IN 46250-4365
carol@bleekedilloncrandall.com
*Counsel for the Defendant –*
*Advanced Correctional Healthcare, Inc.*

Jill E. Esenwein
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Blvd., Ste. 420
Indianapolis, IN 46250-4365
jill@bleekedilloncrandall.com
*Counsel for the Defendant –*
*Advanced Correctional Healthcare, Inc.*

/s/ Zachary F. Stewart
Zachary F. Stewart