UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VICKI BUDD, as Personal Representative and Administrator of the Estate of JEROD SCOTT DRAPER, and next friend to the minor child, C.J.D., <br><br> Plaintiff, <br><br> v. <br><br> RODNEY V. SEELYE, Individually and in his official capacity as Harrison County Sheriff, NICHOLAS SMITH, Individually and in his official capacity as Harrison County Sheriff, ADVANCED CORRECTIONAL HEALTHCARE, INC., CAPTIAN DUSTIN CUNDALL, SERGEANT MATT HULSEY, LIEUTENANT BRENDEN SATORI, MICHAEL GREGORY, and ROY WASHINGTON, <br><br> Defendants. | Case No.: 4:19-cv-00231-SEB-DML |

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC. AND ROY WASHINGTON, N.P.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Advanced Correctional Healthcare, Inc. and Roy Washington, N.P., by counsel, and for their Answer to Plaintiff's Amended Complaint, state the following:

**INTRODUCTION**

1. No response is necessary from the Defendants as it is merely an introductory paragraph. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

**JURISDICTION AND VENUE**

1

2. No response required from the Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

3. Defendants do not dispute that this Court has jurisdiction over Plaintiff's claims.

4. Defendants do not dispute that this Court has jurisdiction over Plaintiff's claims.

5. Defendants do not dispute that this is the proper venue for Plaintiff's claims.

## PARTIES

6. Defendants admit that Vicki Budd is the named Plaintiff in this case. Upon information and belief, Defendants admit that Plaintiff was appointed personal representative of the Estate of Jerod Draper under cause number 31C01-1811-EU-115. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

7. Defendants admit that Jerod Draper is deceased. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

8. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

9. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

10. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

11. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

12. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

13. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

14. Defendants admit that Roy Washington was an employee of Advanced Correctional Healthcare and was the medical provider on-call on October 4, 2018. Defendants deny the remaining allegations in this paragraph.

15. Defendants admit the allegations in this paragraph.

## FACTUAL ALLEGATIONS

16. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

17. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

18. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

19. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

20. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

21. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

22. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

23. Defendants admit that on October 4, 2018, Roy Washington, N.P. prescribed Librium. The content of Plaintiff's Exhibit A speaks for itself. Defendants deny the remaining allegations contained in this paragraph.

24. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

25. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

26. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

27. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

28. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

29. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

30. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

31. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

32. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

33. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

## COUNT 1

34. Defendants hereby incorporate their answers to paragraphs 1 through 33.

35. Defendants deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants deny the allegations in this paragraph.

41. Defendants deny the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

43. Defendants hereby incorporate their answers to paragraph 1 through 42.

44. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

45. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

46. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

47. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

48. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

49. The allegations contained in this paragraph and subsections (a) and (g) are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

50. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

51. Defendants hereby incorporate their answers to paragraphs 1 through 50.

52. Defendants deny the allegations in this paragraph.

53. Defendants deny the allegations in this paragraph including subsections (a) through (h).

54. Defendants deny the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants Advanced Correctional Healthcare, Inc. and Roy Washington, N.P., pray for judgment in their favor, that Plaintiff takes nothing by way of her Complaint and for all other just and proper relief.

## COUNT 2

56. Defendants hereby incorporate their answers to paragraphs 1 through 55.

57. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

58. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

59. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

60. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

61. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

62. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

63. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

64. Defendants hereby incorporate their answers to paragraph 1 through 63.

65. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

66. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges wrongdoing on the part of the Defendants, such allegation is denied.

67. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges any wrongdoing on the part of the Defendants, such allegation is denied.

68. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges any wrongdoing on the part of the Defendants, such allegation is denied.

69. The allegations contained in this paragraph including subsections (a) through (c) are unrelated to the undersigned Defendants. To the extent this paragraph alleges any wrongdoing on the part of the Defendants, such allegation is denied.

70. The allegations contained in this paragraph including subsections (i) through (m) are unrelated to the undersigned Defendants. To the extent this paragraph alleges any wrongdoing on the part of the Defendants, such allegation is denied.

71. The allegations contained in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges any wrongdoing on the part of the Defendants, such allegation is denied.

WHEREFORE, Defendants Advanced Correctional Healthcare, Inc. and Roy Washington, N.P., pray for judgment in their favor, that Plaintiff takes nothing by way of her Complaint and for all other just and proper relief.

## COUNT 3

72. Defendants hereby incorporate their answers to paragraphs 1 through 71.

73. Defendants deny the allegations in this paragraph.

74. The allegations in this paragraph are unrelated to the undersigned Defendants. To the extent this paragraph alleges any wrongdoing on the part of the Defendants, such allegation is denied.

75. Defendants deny the allegations in this paragraph.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph.

78. Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants Advanced Correctional Healthcare, Inc. and Roy Washington, N.P., pray for judgment in their favor, that Plaintiff takes nothing by way of her Complaint and for all other just and proper relief.

## DAMAGES

79. Defendants hereby incorporate their answers to paragraph 1 through 78.

80. Defendants deny the allegations in this paragraph.

81. Defendants deny the allegations in this paragraph.

82. Defendants deny the allegations in this paragraph and deny that Plaintiff is entitled to the relief requested.

WHEREFORE, Defendants Advanced Correctional Healthcare, Inc. and Roy Washington, N.P., pray for judgment in their favor, that Plaintiff takes nothing by way of her Complaint and for all other just and proper relief.

## ADDITIONAL DEFENSES

Defendants, Advanced Correctional Healthcare, Inc. and Roy Washington, N.P., for their Additional Defenses state the following:

1. The medical care rendered to Plaintiff by the Defendants was reasonable, appropriate and within the community standard of care.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. There was no policy of Advance Correctional Healthcare, Inc. that resulted in a violation of decedent's constitutional rights.

4. Decedent's damages may have resulted in whole or in part from his own actions, thus constituting comparative fault and/or contributory negligence and barring or reducing the claim accordingly.

5. Plaintiff did not suffer any damages as a result of the medical care rendered by the Defendants.

6. Defendants are entitled to qualified immunity.

7. Plaintiff's damages are limited under the Indiana Wrongful Death Act.

8. To the extent that Plaintiff's damages, if any, were caused by the actions of a third-party, Defendants are entitled to a contribution and/or set-off.

9. To the extent that Co-Defendants assert affirmative or additional defenses, Defendants incorporate those herein by reference.

10. Defendants reserve the right to supplement and amend their Additional Defenses as discovery in this matter is on-going.

WHEREFORE, Defendants Advanced Correctional Healthcare, Inc. and Roy Washington, N.P., pray for judgment in their favor, that Plaintiff takes nothing by way of her Complaint and for all other just and proper relief.

## **JURY DEMAND**

Defendants request that this matter be tried before a jury.

Respectfully Submitted,

s/ Jill E. Esenwein
Jill E. Esenwein, #34291-20
*One of the Attorneys for Defendants Advanced Correctional Healthcare, Inc. and Roy Washington, N.P.*

Carol A. Dillon, #25549-49
Jill E. Esenwein, #34291-20
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Blvd., Ste. 420
Indianapolis, IN 46250-4365
Telephone: (317) 567-2222
Facsimile:  (317) 567-2220
carol@bleekedilloncrandall.com
jill@bleekedilloncrandall.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2020, a true and complete copy of the foregoing document was served electronically upon all counsel of record via email generated by the Court's ECF system to the following:

All electronically ECF Registered Parties

s/ Jill E. Esenwein
Jill E. Esenwein, #34291-20