UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

VICKI BUDD, AS PERSONAL
REPRESENTATIVE AND
ADMINISTRATOR OF THE ESTATE
OF JEROD SCOTT DRAPER, AND
NEXT FRIEND TO THE
MINOR CHILD, C.J.D.,

      Plaintiff

V.                                      CASE NO. 4:19-CV-0231-SEB-DML

RODNEY SEELYE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
HARRISON COUNTY SHERIFF,
NICHOLAS SMITH, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
HARRISON COUNTY SHERIFF,
ADVANCED CORRECTIONAL
HEALTHCARE, INC., ET AL.,

      Defendants

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendants, Rodney Seelye, individually and in his official capacity as former Harrison County Sheriff, Harrison County Sheriff's Department (hereinafter "Seelye"), and Nicholas Smith, individually and in his official capacity as current Harrison County Sheriff, Harrison County Sheriff's Department (hereinafter "Smith"), Captain Dustin Cundall (hereinafter "Cundall"), Sergeant Matt Hulsey (hereinafter "Hulsey"), Lieutenant Brenden Satori (hereinafter "Satori"), and Michael Gregory (hereinafter "Gregory") by counsel, for their Answer to the Plaintiff's Amended Complaint hereby state as follows:

### INTRODUCTION

1. With regard to the allegations contained in paragraph 1 of the Plaintiff's Amended Complaint, the Defendants deny Seelye or any other Harrison County Sheriff's Department

officers and deputies used excessive force on the Plaintiff's decedent, Jerod Scott Draper (hereinafter "Draper"), deny Seelye or any other Harrison County Sheriff's Department officers and deputies failed to protect Draper, deny Seelye or any other Harrison County Sheriff's Department officers and deputies were deliberately indifferent to Draper's medical condition, deny Seelye or any other Harrison County Sheriff's Department officers and deputies failed to implement or maintain a policy for medical care that was objectively reasonable in serving the needs of the detainees of the Harrison County Jail and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

## JURISDICTION AND VENUE

2. With regard to the allegations contained in paragraph 2 of the Plaintiff's Amended Complaint, the Defendants deny the Plaintiff is entitled to actual, compensatory, or punitive damages from the Defendants, deny the Defendants engaged in gross or unconscionable violations of the rights, privileges and immunities guaranteed by the United States Constitution, deny the Plaintiff is entitled to relief under the Plaintiff's state law claims and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

3. With regard to the allegations contained in paragraph 3 of the Plaintiff's Amended Complaint, the Defendants admit the Court has jurisdiction over the matter based on the allegations of the Plaintiff's Amended Complaint, but deny the merits of those allegations.

4. With regard to the allegations contained in paragraph 4 of the Plaintiff's Amended Complaint, the Defendants admit the Court may exercise supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C.§1367(a), but deny the merits of those state law claims.

5. The Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Amended Complaint.

## PARTIES

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Plaintiff's Amended Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Amended Complaint.

8. With regard to the allegations contained in paragraph 8 of the Plaintiff's Amended Complaint, the Defendants admit Seelye was the elected Sheriff of Harrison County at the time of the Plaintiff's incarceration in the Harrison County Jail, admit he is sued in his individual and official capacities, and admit the remaining allegations contained in said paragraph.

9. With regard to the allegations contained in paragraph 9 of the Plaintiff's Amended Complaint, the Defendants admit Smith is the current elected Sheriff of Harrison County, admit he is sued in his individual and official capacities, and admit the remaining allegations contained in said paragraph.

10. With regard to the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint, the Defendants admit Hulsey was an employee of the Harrison County Sheriff's Department on October 4, 2018 and at all times relevant herein and deny the remaining allegations contained in said paragraph.

11. With regard to the allegations contained in paragraph 11 of the Plaintiff's Amended Complaint, the Defendants admit Satori was an employee of the Harrison County Sheriff's Department on October 4, 2018 and all times relevant herein and deny the remaining allegations contained in said paragraph.

12. With regard to the allegations contained in paragraph 12 of the Plaintiff's Amended Complaint, the Defendants admit Cundall was an employee of the Harrison County Sheriff's Department on October 4, 2018 and at all times relevant herein and deny the remaining allegations contained in said paragraph.

13, With regard to the allegations contained in paragraph 13 of the Plaintiff's Amended Complaint, the Defendants admit Gregory was an employee of the Harrison County Sheriff's Department on October 4, 2018 and at all times relevant herein and deny the remaining allegations contained in said paragraph.

14. With regard to the allegations contained in paragraph 14 of the Plaintiff's Amended Complaint, the Defendants admit Roy Washington works for Advanced Correctional Healthcare, admits he was on-call on October 4, 2018 and deny the remaining allegations contained in said paragraph.

15 With regard to the allegations contained in paragraph 15 of the Plaintiff's Amended Complaint, the Defendants admit Exhibit A is the contract between Harrison County and ACH, admit at the time of Draper's incarceration ACH and Harrison County had entered into an agreement for the provision of inmate health services, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and they are therefore denied.

## FACTUAL ALLEGATIONS

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Plaintiff's Amended Complaint.

17. With regard to the allegations contained in paragraph 17 of the Plaintiff's Amended Complaint, the Defendants admit the contents of Officer's Liebert's Report, admit

Harrison County Police pulled over Draper after a vehicle pursuit in Corydon, Indiana on October 4, 2018 at approximately 4:00 a.m. and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

18. With regard to the allegations contained in paragraph 18 of the Plaintiff's Amended Complaint, the Defendants admit the contents of the Harrison County Sheriff's Department's press release, admit when Draper was taken into custody officers observed cuts on his wrists and a large amount of blood coming from the wounds, admit Draper informed the deputies he had caused harm to himself and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

19. With regard to the allegations contained in paragraph 19 of the Plaintiff's Amended Complaint, the Defendants admit the contents of the Harrison County Sheriff's Department's press release, admit Draper was transported to the Harrison County Hospital for medical evaluation after EMS arrived on the scene of the stop and deny any allegation contained in said paragraph that is inconsistent with the press release or the foregoing or not specifically referenced herein.

20. With regard to the allegations contained in paragraph 20 of the Plaintiff's Amended Complaint, the Defendants admit Draper was transported to Harrison County Jail from Harrison County Hospital when the Hospital released him, admit Draper was placed on a suicide watch when he was booked in to the Harrison County Jail, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

21. With regard to the allegations contained in paragraph 21 of the Plaintiff's Amended Complaint, the Defendants admit the contents of the press release and deny any allegation contained in said paragraph that is inconsistent with the press release.

22. With regard to the allegations contained in paragraph 22 of the Plaintiff's Amended Complaint, the Defendants admit Draper remained in the restraint chair until 9:30 a.m. when he was removed from the restraints and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and they are therefore denied.

23. With regard to the allegations contained in paragraph 23 of the Plaintiff's Amended Complaint, the Defendants admit Draper's symptoms were communicated to Washington, admit Washington prescribed Librium, admit the contents of Exhibit A, deny Harrison County Officers failed to follow established policies and deny any remaining allegation contained in said paragraph.

24. With regard to the allegations contained in paragraph 24 of the Plaintiff's Amended Complaint, the Defendants admit Draper received lunch at approximately 11:12 a.m., admit that during the course of Draper's incarceration he walked in circles and spun in circles, admit the contents of the press release, admit officers came into his cell at approximately 11:39 to inspect the injuries on his wrists, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

25. With regard to the allegations contained in paragraph 25 of the Plaintiff's Amended Complaint, the Defendants admit Draper continued to spin in circles after correctional staff exited the cell, admit Draper fell multiple times, admit officers re-entered the cell to place Draper in the restraint chair, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

26. With regard to the allegations contained in paragraph 26 of the Plaintiff's Amended Complaint, the Defendants admit Draper began violently banging his head against the back of the restraint chair, admit corrections staff placed a helmet and spit mask on Draper and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

27. With regard to the allegations contained in paragraph 27 of the Plaintiff's Amended Complaint, the Defendants admit Michael Gregory entered Draper's cell and attempted to assist in preventing the Plaintiff from hit his head, admit Satori and Hulsey applied pressure points to Draper, admit Hulsey applied the Taser in drive stun mode to Draper and deny any remaining allegation contained in said paragraph.

28. The Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Second Amended Complaint.

29. With regard to the allegations contained in paragraph 29 of the Plaintiff's Second Amended Complaint, the Defendants admit Defendant Gregory cleaned Draper's wounds, admit Hulsey applied additional drive stuns to Draper after 12:54 p.m. and deny any remaining allegation contained in said paragraph

30. With regard to the allegations contained in paragraph 30 of the Plaintiff's Second Amended Complaint, the Defendants admit correctional staff entered and exited Draper's cell multiple times, deny the correctional staff used excessive force on the Plaintiff, and deny any remaining allegation contained in said paragraph.

31. With regard to the allegations contained in paragraph 31 of the Plaintiff's Amended Complaint, the Defendants admit EMS arrived at the jail at 1:27 p.m., admit the

correctional staff contacted EMS to have them arrive, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

32. With regard to the allegations contained in paragraph 32 of the Plaintiff's Amended Complaint, the Defendants admit while Draper was being removed from the restraint chair and placed on a gurney he became unresponsive, admit EMS engaged in CPR en route to Harrison County Hospital Emergency Room, admit the preliminary drug screen performed during the second trip to the hospital showed methamphetamine in Draper's system and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

33. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Plaintiff's Amended Complaint.

## **COUNT 1 – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983**

*Failure to Provide Medical Care (against the Defendants Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff)*

34. With regard to the allegations contained in paragraph 34 of the Plaintiff's Amended Complaint, the Defendants re-allege and incorporate herein by reference each and every answer to paragraphs 1 - 33 of the Plaintiff's Amended Complaint as though fully set forth herein.

35. With regard to the allegations contained in paragraph 35 of the Plaintiff's Amended Complaint, the Defendants admit they are/were acting under color of state law when they were employed by the Harrison County, Indiana, Sheriff's Department and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

36. The Defendants deny each and every allegation contained in paragraph 36 of the Plaintiff's Amended Complaint.

37. The Defendants deny each and every allegation contained in paragraph 37 of the Plaintiff's Amended Complaint.

38. The Defendants deny each and every allegation contained in paragraph 38 of the Plaintiff's Amended Complaint.

39. The Defendants deny each and every allegation contained in paragraph 39 of the Plaintiff's Amended Complaint.

40. The Defendants deny each and every allegation contained in paragraph 40 of the Plaintiff's Amended Complaint.

41. The Defendants deny each and every allegation contained in paragraph 41 of the Plaintiff's Amended Complaint.

42. The Defendants deny each and every allegation contained in paragraph 42 of the Plaintiff's Amended Complaint.

### *Supervisory Liability, Policy-Maker Liability, Failure to Train*
### *(against Defendant Rodney V. Seelye)*

43. With regard to the allegations contained in paragraph 43 of the Plaintiff's Amended Complaint, the Defendants re-allege and incorporate herein by reference each and every answer to paragraphs 1 - 42 of the Plaintiff's Amended Complaint as though fully set forth herein.

44. With regard to the allegations contained in paragraph 44 of the Plaintiff's Amended Complaint, the Defendants admit Seelye had the statutory and common law duty to oversee the jail and to the extent any allegation contained in said paragraph of the Plaintiff's Amended Complaint is inconsistent with the duties imposed by statute or law, they are denied.

45. With regard to the allegations contained in paragraph 45 of the Plaintiff's Amended Complaint, the Defendants admit Seelye had a supervisory role over the deputies and officers that worked in the Harrison County Jail, deny Seelye encouraged and/or directly participated in the activities related to Draper, deny the Sheriff's deputies or jail staff engaged in misconduct, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

46. The Defendants deny each and every allegation contained in paragraph 46 of the Plaintiff's Amended Complaint.

47. The Defendants deny each and every allegation contained in paragraph 47 of the Plaintiff's Amended Complaint.

### *Municipal Liability (against Defendant Rodney V. Seelye in His Official Capacity)*

48. With regard to the allegations contained in paragraph 48 of the Plaintiff's Amended Complaint, the Defendants deny Seelye was directly responsible for Draper's injuries, deny Seelye failed to adequately train or supervise officers, employees and contractors, deny Seelye failed to adequately and properly staff the jail, deny Seelye failed to provide the jail resources necessary to serve the needs of persons like Draper, deny Seelye failed to inculcate policies, customs and practices to prevent inmates from being mistreated, deny Draper was mistreated, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

49. With regard to the allegations contained in paragraph 49 of the Plaintiff's Amended Complaint, the Defendants deny each and every allegation contained in said paragraph and subparagraphs (a.) through (g.) of paragraph 49 of the Plaintiff's Amended Complaint.

50. The Defendants deny each and every allegation contained in paragraph 50 of the Plaintiff's Amended Complaint.

### *Monell Liability, Policy-Maker Liability, Failure to Train*
### *Against Defendant Advanced Correctional Healthcare, Inc.*

51. With regard to the allegations contained in paragraph 51 of the Plaintiff's Amended Complaint, the Defendants re-allege and incorporate herein by reference each and every answer to paragraphs 1 - 50 of the Plaintiff's Amended Complaint as though fully set forth herein.

52. With regard to the allegations contained in paragraph 52 of the Plaintiff's Amended Complaint, the Defendants deny they were not adequately trained or supervised, deny the Jail was not adequately or properly staff, deny the Jail lacked the necessary resources to treat and care for its inmates, deny the Jail lack appropriate policies, procedures or customs and deny any remaining allegation contained in said paragraph.

53. The Defendants deny each and every allegation contained in paragraph 53 of the Plaintiff's Amended Complaint.

54. The Defendants deny each and every allegation contained in paragraph 54 of the Plaintiff's Amended Complaint.

55. The Defendants deny each and every allegation contained in paragraph 55 of the Plaintiff's Amended Complaint.

### **COUNT 2 – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983**

### *Use of Excessive Force (against the Defendants Unknown and Unidentified Harrison County Sheriff's Deputies, Correctional Staff, and Medical Staff)*

56. With regard to the allegations contained in paragraph 56 of the Plaintiff's Amended Complaint, the Defendants re-allege and incorporate herein by reference each and

every answer to paragraphs 1 - 55 of the Plaintiff's Amended Complaint as though fully set forth herein.

57. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Plaintiff's Amended Complaint.

58. The Defendants deny each and every allegation contained in paragraph 58 of the Plaintiff's Amended Complaint.

59. The Defendants deny each and every allegation contained in paragraph 59 of the Plaintiff's Amended Complaint.

60. The Defendants deny each and every allegation contained in paragraph 60 of the Plaintiff's Amended Complaint.

61. The Defendants deny each and every allegation contained in paragraph 61 of the Plaintiff's Amended Complaint.

62. The Defendants deny each and every allegation contained in paragraph 62 of the Plaintiff's Amended Complaint.

63. The Defendants deny each and every allegation contained in paragraph 63 of the Plaintiff's Amended Complaint.

*** Supervisory Liability, Policy-Maker Liability, Failure to Train ***
*** (against Defendant Rodney V. Seelye) ***

64. With regard to the allegations contained in paragraph 64 of the Plaintiff's Amended Complaint, the Defendants re-allege and incorporate herein by reference each and every answer to paragraphs 1 - 63 of the Plaintiff's Amended Complaint as though fully set forth herein.

65. With regard to the allegations contained in paragraph 65 of the Plaintiff's Amended Complaint, the Defendants admit Seelye had the statutory and common law duty to

oversee the jail and to the extent any allegation contained in said paragraph of the Plaintiff's Amended Complaint is inconsistent with the duties imposed by statute or law, they are denied.

66. With regard to the allegations contained in paragraph 66 of the Plaintiff's Amended Complaint, the Defendants admit Seelye had a supervisory role over the deputies and officers that worked in the Harrison County Jail, deny he encouraged and/or directly participated in the activities related to Draper, deny the Sheriff's deputies or jail staff engaged in misconduct, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

67.. The Defendants deny each and every allegation contained in paragraph 67 of the Plaintiff's Amended Complaint.

68. The Defendants deny each and every allegation contained in paragraph 68 of the Plaintiff's Amended Complaint.

*Municipal Liability (against Defendant Rodney V. Seelye in His Official Capacity)*

69. With regard to the allegations contained in paragraph 69 of the Plaintiff's Amended Complaint, the Defendants deny Seelye was directly responsible for Draper's injuries, deny Seelye failed to adequately train or supervise officers, employees and contractors, deny Seelye failed to adequately and properly staff the jail, deny Seelye failed to provide the jail resources necessary to serve the needs of persons like Draper, deny Seelye failed to inculcate policies, customs and practices to prevent inmates from being mistreated, deny Draper was mistreated, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

70. With regard to the allegations contained in paragraph 70 of the Plaintiff's Amended Complaint, the Defendants deny each and every allegation contained in said paragraph and subparagraphs (i.) through (m.) of paragraph 70 of the Plaintiff's Amended Complaint.

71. The Defendants deny each and every allegation contained in paragraph 71 of the Plaintiff's Amended Complaint.

## COUNT 3 – WRONGFUL DEATH UNDER INDIANA CODE § 34-23-1-1

72. With regard to the allegations contained in paragraph 72 of the Plaintiff's Amended Complaint, the Defendants re-allege and incorporate herein by reference each and every answer to paragraphs 1 - 71 of the Plaintiff's Amended Complaint as though fully set forth herein.

73. The Defendants deny each and every allegation contained in paragraph 73 of the Plaintiff's Amended Complaint.

74. The Defendants deny each and every allegation contained in paragraph 74 of the Plaintiff's Amended Complaint.

75. The Defendants deny each and every allegation contained in paragraph 75 of the Plaintiff's Amended Complaint.

76. The Defendants deny each and every allegation contained in paragraph 76 of the Plaintiff's Amended Complaint.

77. The Defendants deny each and every allegation contained in paragraph 77 of the Plaintiff's Amended Complaint.

78. The Defendants deny each and every allegation contained in paragraph 78 of the Plaintiff's Amended Complaint.

## DAMAGES

79. With regard to the allegations contained in paragraph 79 of the Plaintiff's Amended Complaint, the Defendants re-allege and incorporate herein by reference each and every answer to paragraphs 1 - 78 of the Plaintiff's Amended Complaint as though fully set forth herein.

80. The Defendants deny each and every allegation contained in paragraph 80 of the Plaintiff's Amended Complaint.

81. The Defendants deny each and every allegation contained in paragraph 81 of the Plaintiff's Amended Complaint.

82. The Defendants deny each and every allegation contained in paragraph 82 of the Plaintiff's Amended Complaint.

WHEREFORE, the Defendants, respectfully request the Plaintiff take nothing by way of her Complaint, for Judgment in their favor, for their costs expended in this action and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's Amended Complaint against all Defendants fails to state a claim upon which relief can be granted against them thereby warranting the dismissal of the Complaint.

### SECOND DEFENSE

The Defendants did not violate a clearly established right of the Plaintiff and therefore are entitled to qualified immunity on all constitutional claims in this matter.

### THIRD DEFENSE

The Defendants allege the Plaintiff's Decedent's contributory fault bars the Plaintiff's state law tort claims.

### FOURTH DEFENSE

The Plaintiff may have failed to comply with the terms and conditions imposed by the Indiana Tort Claims Act, thereby serving as a complete bar to the Plaintiff's claims.

### FIFTH DEFENSE

The Defendants are immunized from the Plaintiff's state law tort claims based on the immunities provided by the Indiana Tort Claims Act.

### SIXTH DEFENSE

At all times relevant hereto, the Defendants acted reasonably and in good faith, without malice, and within the scope of their authority and their conduct toward the Plaintiff and Plaintiff's decedent was not in any way willful or in reckless disregard of any constitutional, statutory or regulatory rights of the Plaintiff or Plaintiff's decedent.

### SEVENTH DEFENSE

To the extent the Defendants owed a legal duty to the Plaintiff or the Plaintiff's decedent regarding the condition of the Plaintiff's decedent's confinement, Defendants reasonably provided or made available to the Plaintiff's decedent such care, treatment, services and/or assistance required by law.

### EIGHTH DEFENSE

The Defendants are protected by the Doctrines of Absolute, Sovereign, or Qualified Immunity.

### REQUEST FOR TRIAL BY JURY

The Defendants, by counsel, hereby request a trial by jury on all issues so triable.

                        Respectfully submitted,

                        KIGHTLINGER & GRAY, LLP

By:    s/ R. Jeffrey Lowe
         R. Jeffrey Lowe, Attorney No. 21508-22
         KIGHTLINGER & GRAY, LLP
         Bonterra Building, Suite 200
         3620 Blackiston Blvd.
         New Albany, IN 47150
         Phone: (812) 949-2300
         Fax: (812) 949-8556
         Email: jlowe@k-glaw.com
         *Counsel for Defendants,*
         *Sheriff Nicholas Smith, Individually*
         *and in his capacity as Harrison County Sheriff,*
         *Rodney Seelye, individually and in his capacity*
         *as Harrison County Sheriff, and*
         *Harrison County Sheriff's Department*

## CERTIFICATE OF SERVICE

      I hereby certify that on the **17th day of April, 2020,** a copy of the foregoing Answer to the Amended Complaint was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Larry Wilder
530 East Court Avenue
Jeffersonville, IN 47130
larrywilder@me.com
*Counsel for Plaintiff –*
*Vicki Budd Personal Representative for*
*Estate of Jerod Draper*

Zachary F. Stewart
530 East Court Avenue
Jeffersonville, IN 47130
zach@zacharyfstewartlaw.com
*Counsel for Plaintiff –*
*Vicki Budd Personal Representative for*
*Estate of Jerod Draper*

Marc S. Sedwick
Sedwick Law, P.C.
229 W. Spring Street

New Albany, IN 47150
msedwick@sedwicklaw.com
*Co-Counsel for Plaintiff,*
*Vicki Budd Personal Rep for Estate of Jerod Draper*

Carol A. Dillon
Jill E. Esenwein
BLEEK DILLON CRANDALL P.C.
8470 Allison Pointe Blvd. Suite 420
Indianapolis, IN 46250-4365
carol@bleekedilloncrandall.com
jill@bleekedilloncrandall.com
*Counsel for Defendant,*
*Advanced Correctional Healthcare, Inc.*

                                              s/R. Jeffrey Lowe
                                              R. Jeffrey Lowe