UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

VICKI BUDD, AS PERSONAL
REPRESENTATIVE AND
ADMINISTRATOR OF THE ESTATE
OF JEROD SCOTT DRAPER, AND
NEXT FRIEND TO THE
MINOR CHILD, C.J.D.,

       Plaintiff

V.                             CASE NO. 4:19-CV-0231-SEB-DML

RODNEY SEELYE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
HARRISON COUNTY SHERIFF,
NICHOLAS SMITH, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
HARRISON COUNTY SHERIFF,
ADVANCED CORRECTIONAL
HEALTHCARE, INC., ET AL.,

       Defendants

## HARRISON COUNTY DEFENDANTS' STATEMENT OF DEFENSES

Defendants, Rodney Seelye, individually and in his official capacity as former Harrison County Sheriff, Harrison County Sheriff's Department (hereinafter "Seelye'), and Nicholas Smith, individually and in his official capacity as current Harrison County Sheriff, Harrison County Sheriff's Department (hereinafter "Smith"), Captain Dustin Cundall (hereinafter "Cundall"), Sergeant Matt Hulsey (hereinafter "Hulsey"), Lieutenant Brenden Satori (hereinafter "Satori"), and Michael Gregory (hereinafter "Gregory") by counsel, for their Statement of Defenses filed pursuant to the Case Management Plan, state as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Harrison County Defendants did not violate a clearly established right of the Plaintiff and therefore are entitled to qualified immunity on all constitutional claims in this matter.

### SECOND DEFENSE

The Harrison County Defendants allege the Plaintiff's Decedent's contributory fault bars the Plaintiff's state law tort claims. Specifically, the evidence establishes the Decedent did not disclose his use of methamphetamines despite having a positive toxicology screen for methamphetamines later at the hospital or that he swallowed or otherwise introduced an entire bag of methamphetamine into his body prior to entering the Harrison County Jail.

### THIRD DEFENSE

The evidence also establishes a physician at the Harrison County Hospital cleared the Decedent for incarceration following his arrest. Further, the medical care provided by employees and/or contractors of the Harrison County Jail was objectively reasonable.

### FOURTH DEFENSE

The Defendants are immunized from the Plaintiff's state law tort claims based on the immunities provided by the Indiana Tort Claims Act.

### FIFTH DEFENSE

The Harrison County Defendants will also introduce evidence showing at all times relevant to this case, the Harrison County Defendants acted in an objectively reasonable manner towards the Descendent.  Further, the Harrison County Defendants will introduce evidence showing they acted in good faith, without malice, and within the scope of their authority and their conduct toward the Plaintiff and Plaintiff's decedent was not in any way willful or in

reckless disregard of any constitutional, statutory or regulatory rights of the Plaintiff or Plaintiff's decedent.

## SIXTH DEFENSE

To the extent the Harrison County Defendants owed a legal duty to the Plaintiff or the Plaintiff's decedent regarding the condition of the Plaintiff's Decedent's confinement, the evidence will show Defendants reasonably provided or made available to the Plaintiff's Decedent such care, treatment, services and/or assistance required by law.

## SEVENTH DEFENSE

The Harrison County Defendants reasonably relied upon the expertise of medical professionals regarding Plaintiff's Decedent including but not limited to N.P. Roy Washington and the doctor(s) who evaluated Plaintiff's Decedent at the Harrison County Hospital prior to the Decedent entering the Harrison County Jail.

## EIGHTH DEFENSE

The Harrison County Defendants will introduce evidence establishing the policies, customs, and/or procedures of the Harrison County Sheriff's Department were constitutional as they related to Plaintiff's Decedent and no act or omission on the part of any Harrison County policymaker violated Plaintiff's Decedent's constitutional rights.

## NINTH DEFENSE

Defendants' Rodney Seelye and Nicholas Smith were not personally involved in the alleged constitutional violation suffered by Plaintiffs' Decedent and therefore they cannot be found liable for such.

          Respectfully submitted,

          KIGHTLINGER & GRAY, LLP

By:    s/Corey J. Dunn_____
          R. Jeffrey Lowe, Attorney No. 21508-22
          Corey J. Dunn, Atty No. 34571-22
          KIGHTLINGER & GRAY, LLP
          Bonterra Building, Suite 200
          3620 Blackiston Blvd.
          New Albany, IN 47150
          Phone:  (812) 949-2300
          Fax:  (812) 949-8556
          Email: jlowe@k-glaw.com
                 cdunn@k-glaw.com
          *Counsel for Defendants, Sheriff Nicholas Smith, Individually and in his capacity as Harrison County Sheriff, Rodney Seelye, individually and in his capacity as Harrison County Sheriff, and Harrison County Sheriff's Department*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **12th day of October, 2020,** a copy of the foregoing Statement of Defenses was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Larry O. Wilder
Zachary F. Stewart
Marc Sedwick
530 East Court Avenue
Jeffersonville, IN 47130
larrywilder@me.com
zach@zacharyfstewartlaw.com
msedwick@sedwicklaw.com
*Counsel for Plaintiff,*
*Vicki Budd Personal Rep for Estate of Jerod Draper*

Carol A. Dillon
Jill E. Esenwein
BLEEK DILLON CRANDALL P.C.
8470 Allison Pointe Blvd. Suite 420
Indianapolis, IN 46250-4365
carol@bleekedilloncrandall.com
jill@bleekedilloncrandall.com
*Counsel for Defendant,*
*Advanced Correctional Healthcare, Inc.*

                                                s/Corey J. Dunn
                                                R. Jeffrey Lowe/Corey J. Dunn