UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VICKI BUDD as Personal Representative and Administrator of the Estate of Jerod Scott Draper, and next friend to the minor child, C.J.D.,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY V. SEELYE Individually and in his official capacity as Harrison County Sheriff, et al.<br><br>Defendants. | No. 4:19-cv-00231-SEB-DML |

**Order Denying Motion for Judgment on the Pleadings**

This civil rights suit arises out of Jerod Draper's incarceration at the Harrison County Jail on October 4, 2018, and subsequent death that same day. Before the Court is defendant Roy Washington's motion for partial judgment on the pleadings. For the following reasons, his motion, dkt. [57], is **denied**.

**I. Standard of Review**

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, we draw all reasonable inferences

and facts in favor of the non-movant, but need not accept as true any legal assertions." *Id.* (internal quotation omitted).

## II. Discussion

The amended complaint alleges that Mr. Draper was arrested on October 4, 2018, at 4:00 a.m. Because Mr. Draper had self-inflicted bleeding cuts on his wrists, he was transported to the Harrison County Hospital for treatment. He was released around 5:35 a.m. and booked into the Harrison County Jail. At the jail, he displayed erratic behavior. Eventually, jail staff contacted emergency medical services. During transport, Mr. Draper became unresponsive. He was airlifted to Norton's Brownsboro Hospital in Louisville, Kentucky, where he was pronounced dead at 8:01 p.m.

Roy Washington ("NP Washington") is a nurse practitioner. The plaintiff alleges that Harrison County Jail staff contacted NP Washington around 9:30 a.m. regarding Mr. Draper's symptoms and NP Washington prescribed Librium to counteract Mr. Draper's possible alcohol withdrawal. Dkt. 41 at ¶ 23. Pursuant to an agreement between the healthcare provider and the jail, a physician should be available by telephone at all times. *Id.* (citing exhibit A, agreement between Advanced Correctional Healthcare and Harrison County Jail, dkt. 1-1). According to the amended complaint, NP Washington did not consult with a physician. *Id.*

A pretrial detainee's medical care claim brought under the Fourteenth Amendment is subject to the objective unreasonableness inquiry identified in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018).

Under *Miranda*, the proper inquiry involves two steps. "The first step… 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case.'" *McCann v. Ogle County,*

*Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (quoting *Miranda*, 900 F.3d at 353). In the second step, a plaintiff must demonstrate the defendant's conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353. This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable. *McCann*, 909 F.3d at 886. "A detainee must prove more than negligence but less than subjective intent–something akin to reckless disregard." *Miranda*, 900 F.3d at 353.

NP Washington relies on the recent Seventh Circuit decision *McCann v. Ogle Co.,* 909 F.3d 881 (7th Cir. 2018). There, a pretrial detainee died after a doctor prescribed, and a nurse administered, an over-prescription of Methadone. *Id.* at 884–85. The Court upheld the district court's grant of summary judgment in favor of the nurse, finding that even though the nurse's administration of the methadone was intentional and deliberate, nothing demonstrated that she foresaw or ignored the potential consequences of her actions. *Id.* at 887. And the evidence did not show her actions were objectively unreasonable because she relied on the prescribing decisions of the treating doctor, and she otherwise attended to the plaintiff's medical needs during his incarceration. *Id.* Here, NP Washington seeks judgment on the pleadings, not summary judgment like in *McCann*. It is not clear from the pleadings that NP Washington's decision to prescribe Librium without consulting a doctor and without any follow-up was reasonable in light of the totality of the circumstances. Unlike the nurse in *McCann*, the plaintiff alleges that NP Washington was not following a doctor's directive but making the treatment decisions.

Accordingly, the plaintiff has alleged sufficient facts to state a claim that NP Washington's actions were "objectively unreasonable" in violation of the Fourteenth Amendment. NP Washington's motion for judgment on the pleadings, dkt. [57], is **denied**.

**IT IS SO ORDERED.**

Date: 10/19/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel