UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VICKI BUDD, as Personal Representative and Administrator of the Estate of JEROD SCOTT DRAPER, and next friend to the minor child, C.J.D., <br><br> Plaintiff, <br><br> v. <br><br> RODNEY V. SEELYE, Individually and in his official capacity as Harrison County Sheriff, NICHOLAS SMITH, Individually and in his official capacity as Harrison County Sheriff, ADVANCED CORRECTIONAL HEALTHCARE, INC., CAPTIAN DUSTIN CUNDALL, SERGEANT MATT HULSEY, LIEUTENANT BRENDEN SATORI, MICHAEL GREGORY, and ROY WASHINGTON, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No.: 4:19-cv-00231-SEB-DML ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **MEDICAL DEFENDANTS' STATEMENT OF DEFENSES**

Defendants, Advanced Correctional Healthcare, Inc. and Roy Washington ("Medical Defendants"), by counsel, for their Statement of Defenses filed pursuant to the Case Management Plan, state:

Affirmative Defense #1: Decedent's conduct may constitute comparative fault and/or contributory negligence, thus barring or reducing Plaintiff's claim accordingly. The evidence shows that Mr. Draper did not disclose to jail staff upon his initial arrival to the jail any use of methamphetamines despite having a positive toxicology screen for methamphetamines later at the hospital or that he swallowed an entire baggie of methamphetamines. This conduct will constitute comparative fault and/or contributory negligence, barring or reducing Plaintiff's state law claims.

1

Affirmative Defense #2: The medical care rendered to Decedent was within the applicable standard of care and did not result in any harm to Plaintiff. Medical Defendants will produce expert testimony that the care they rendered to Mr. Draper at the jail was within the standard of care and his subsequent death could not have been prevented. N.P. Washington's medical care was reasonable, adequate, and within the applicable standard of care.

Affirmative Defense #3: Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Advanced Correctional Healthcare, Inc. ("ACH") because there was no policy, procedure or custom of ACH that affected Mr. Draper's medical care. Medical Defendants will produce evidence at trial showing no ACH policy, practice, or procedure was the moving force behind or led to any constitutional violation of Mr. Draper.

Affirmative Defense #4: No acts or omissions of any Medical Defendant was the proximate cause of Decedent's injuries. Medical Defendants will provide evidence that the hospital cleared Mr. Draper for entrance into the jail after his arrest. Medical Defendants care of Mr. Draper was not objectively unreasonable and by the time it was discovered that Mr. Draper should go to the hospital, nothing could have been done to prevent his death.

Affirmative Defense #5: Plaintiff's damages are limited under the Indiana Wrongful Death Act. Discovery is on-going but Medical Defendants continue to investigate whether Mr. Draper meets the requirements under the Indiana Wrongful Death Act and whether Plaintiff or Mr. Draper's child had a genuine, substantial, and ongoing relationship with Mr. Draper at the time of his death or was his legal dependent.

Respectfully Submitted,

s/ Carol A. Dillon
Carol A. Dillon, #25549-49

*One of the Attorneys for Defendants Advanced Correctional Healthcare, Inc. and Roy Washington, N.P.*

Carol A. Dillon, #25549-49
Jill E. Esenwein, #34291-20
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Blvd., Ste. 420
Indianapolis, IN 46250-4365
Telephone: (317) 567-2222
Facsimile:  (317) 567-2220
carol@bleekedilloncrandall.com
jill@bleekedilloncrandall.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2021, a true and complete copy of the foregoing document was served electronically upon all counsel of record via email generated by the Court's ECF system to the following:

All electronically ECF Registered Parties

s/ Carol A. Dillon
Carol A. Dillon, #25549-49